IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-30025 |
| ) | |
| STEVEN McCOY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Steven McCoy's 18 U.S.C. § 3572 Motion (d/e 48). This Court entered judgment against Steven McCoy on September 10, 2004, sentencing him to 66 months imprisonment for bank robbery. Judgment in a Criminal Case (d/e 22) (Judgment). The Judgment ordered him to pay restitution in the sum of $14,398.00, and a $300.00 special assessment. The Judgment stated, "Lump sum payment of $14,698.00 [is] due immediately, balance due." Judgment at 7. The Federal Bureau of Prisons (BOP) has now set up a payment plan for McCoy. McCoy objects to the BOP payment plan and asks the Court to amend the Judgment to set up a different payment plan.

1

The Court denies the Motion for lack of jurisdiction.

The Judgment against McCoy is final, and this Court lacks jurisdiction to amend the Judgement unless a statute or rule authorizes such an amendment. United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). McCoy argues that the Court has jurisdiction pursuant to 18 U.S.C. § 3572(d)(3). That section authorizes the Court to amend an installment payment plan in a judgment, under certain circumstances, if the judgment calls for payments in installments. The Judgment here did not call for payment in installments; the Judgment ordered McCoy to pay the restitution and special assessment in full immediately. Section 3572(d)(3), therefore, does not apply. This Court lacks jurisdiction.[1]

McCoy also seeks to challenge the authority of the BOP to set a payment schedule. The BOP is not a party to this criminal proceeding. McCoy must file a separate action to challenge the BOP's authority. See McGhee v. Clark, 166 F.3d 884 (7th Cir. 1999) (action for injunction filed to stop collection of fine through BOP payment plan); see also Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (a habeas proceeding under 28

---

[1] The Court also does not have jurisdiction pursuant to 28 U.S.C. § 2255 because McCoy is not challenging his custody, only the terms of payment of his restitution. See Goode, 342 F.3d at 743.

2

U.S.C. § 2241 filed in the district in which the defendant is incarcerated is appropriate method to challenge a BOP payment plan). Even if the Court had jurisdiction, the Court would uphold the BOP payment plan. The BOP has the authority to establish payment plans when, as here, the judgment states that payment is due in full immediately. McGhee, 166 F.3d at 886.

THEREFORE, Defendant Steven McCoy's 18 U.S.C. § 3572 Motion (d/e 48) is DENIED for lack of jurisdiction.

IT IS THEREFORE SO ORDERED.

ENTER:   February 1, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE